*339 OPINION.
Hill:
Petitioner assigned as error respondent’s disallowance of :a claimed “credit of $70.54 for taxes paid to a foreign country”, but at the hearing petitioner abandoned such assignment and respondent's determination on this point is, therefore, approved.
The issue submitted for decision is whether or not petitioner is •entitled to deduct from gross income for each of the taxable years the amounts paid by him as his pro rata portion of the general taxes on real estate, the title to which was held by trustees, under the circumstances set out in our findings of fact hereinabove.
There is much discussion in the briefs of both parties on the question of whether or not the trust involved was an association taxable as a corporation. Respondent contends that the trust was such an association within the purview of sections 801 (a) (2) and 1001 (a) (2) of the Revenue Acts of 1934 and 1930 and, hence, since title to the property was in the trustees, that the deductions claimed by petitioner for taxes paid are allowable only to the trust. The petitioner urges the contrary contention. The conclusions reached do not follow the premise assumed in either case.
Under some circumstances, either an association taxable as a corporation or a member of such an association might pay taxes or interest, if a primary obligation, and the amount so paid would be an allowable deduction to the payor. Cf. Sterling Morton, 38 B. T. A. 1270, 1275; affd., 112 Fed. (2d) 320. In other circumstances, an amount so paid by a member of a taxable association might constitute an allowable deduction to the member as rental, if a business expense, and also be deductible by the association as taxes paid. Or taxes paid by a member as rental, if the amount constituted living expense, might be an allowable deduction to the association but deduction would be prohibited to the member under section 24 (a) (1) of the cited statutes. Cf. Charles B. Holden, 27 B. T. A. 530. In any event, respondent is not here seeking to tax the trust as an association, and the answer to that question alone would not be decisive of whether or not petitioner is entitled to the deductions claimed by him. Accordingly, we will undertake no further discussion of this point.
The issue presented for our decision must turn upon whether or not the amounts paid by petitioner represent payments of his own *340 taxes, that is, taxes imposed upon him by the taxing authority by reason of his ownership of the property. It is not enough for him to show merely that he paid the taxes. Eugene W. Small, 27 B. T. A. 1219; Caroline T. Kissel, 15 B. T. A. 1270, 1274.
Petitioner argues in substance that he was in fact the beneficial owner of an undivided interest in the property proportionate to the amount of taxes paid; that the holders of the certificates of interest beneficially owned the property, since the trustees held only the legal title and there was no other person who could possibly have had any ownership interest therein; that the trustees as such did not maintain and operate the property, and performed practically none of the duties nor exercised any of the powers imposed upon or vested in them under the trust indenture, other than in connection with the oiiginal organization of the trust and the execution of certificates of interest; that petitioner, as part owner and not as trustee, looked after all matters of operation and maintenance either in person or through the firm of real estate agents; and that hence, because the amounts in controversy represent payments.made by him for taxes levied on Ms undivided interest in the property, they are deductible under section 23 (c) of the statutes, which provides that there shall be allowed as deductions “taxes paid or accrued witMn the taxable year”, with exceptions not material here.
Petitioner’s contentions, we think, are not supported by the facts. The trust instrument vested in the trustees both the legal and equitable title to the property, and conferred upon the trustees very wide powers in respect of the operation, maintenance, and final disposition of the trust properties. Article I of the trust indenture provided for forms of certificates of interest, and that such certificates should contain the express agreement that the holder should have no claim or interest, legal or equitable, in the premises or properties of the trust, but only an interest in the net income, avails, and proceeds thereof, and that the certificates should be personal property. Article II repeated substantially the same provisions, with the additional statement that the intention was to vest in the trustees the entire legal and equitable title. It was provided in article XII that the title to the trust properties should always be in the trustees in office for the time being, and in article XIX that upon termination of the trust, either by lapse of time or otherwise, the trust properties should be sold and the net proceeds thereof, less the debts and obligations of the trust, distributed pro rata to the then holders of the outstanding certificates of interest.
We also think that petitioner’s contention that the apartment building was not operated by the trustees, as such, can not be sustained. Plainly, petitioner in his individual and personal capacity had no authority to manage and operate the building. In contemplation *341 of law, he acted impliedly in his fiduciary capacity and as agent of the other trustees. The trustees, with full knowledge of petitioner’s acts, long acquiesced therein, and such acquiescence is sufficient from which to imply authority as an agent. See Murphy v. Crane, 82 N. J. L. 557; 82 Atl. 854; Dickinson v. Salmon, 73 N. Y. S. 196; Russell v. Palentine Ins. Co., 106 Miss. 290; 63 So. 644. In Bliss v. Commissioner, 57 Fed. (2d) 984, the court points out that an owner of land who stands by and permits a trespasser to drill oil wells on his land, some of which resulted in dry holes, is liable to the trespasser for such expenditures on the ground of implied agency. Furthermore, in determining the status of the trust property involved here, the decisive factor is not the particular activities of the trustees in the taxable years, but rather the powers vested in the trustees. Cf. Marshall Heirs v. Commissioner, 111 Fed. (2d) 935, affirming on this point 39 B. T. A. 101, 110.
Of course, it can not be said that petitioner in the present proceeding had no interest of any kind in the trust property. He was entitled to receive his share of the net income and avails therefrom, and, upon termination of the trust, his share of the proceeds from the sale of the properties, after payment of the trust debts. However, in our opinion, such interest did not amount to beneficial ownership entitling petitioner to deduct, as taxes paid on his own property, amounts which constituted in fact a part of the annual rental which he was obligated under the trust indenture to pay to the trustees for his use of a residential apartment in the building, the entire title to which was vested in the trustees and on which the taxes were assessed in the name of one or another of the trustees.
The interest of petitioner was, in all material respects, the same as that of a stockholder in the property of a corporation. In Charles B. Holden, supra, we had before us the same question that it presented here, under similar facts, except that in that case the apartment building was operated by a corporation which held the title. There the taxpayer, as part of the consideration for the lease of a residential apartment, agreed to and did pay his proportionate part of the annual interest and taxes on the building on the basis of stock ownership in the corporation. We held that the amounts so paid were not deductible from gross income. That decision, we think, must rule the present case. See also Wood v. Rasquin, 21 Fed. Supp. 211; affirmed per curiam without opinion, 97 Fed. (2d) 1023.

Decision will he entered for respondent.